**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHAEL STEINBERG,**

       **Plaintiff,**

v.                                            **Case No.  8:04-cv-2556-T-TBM**

**JO ANNE B. BARNHART,**
**Commissioner of the United States**
**Social Security Administration,**

       **Defendant.**
_____/

# O R D E R

THIS MATTER is before the court on **Defendant's Motion to Dismiss Plaintiff's Complaint for Writ of Mandamus** (Doc. 7-1).  By her motion, the Commissioner seek an Order dismissing Plaintiff's Complaint for Writ of Mandamus under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  As grounds, the Commissioner argues that this court lacks subject-matter jurisdiction over payment of administrative fees pursuant to 42 U.S.C. § 406(a).  The Commissioner further argues that Plaintiff has otherwise failed to support the allegations in his Complaint and to demonstrate a clear and compelling reason for the issuance of a writ of mandamus.  Plaintiff filed a response in opposition (Doc. 8) and a **Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment** (Doc. 12).

The undisputed facts establish that Plaintiff Michael Steinberg represented a Social Security disability claimant, Stevonna Park o/b/o Sandra Bryant, deceased.  On May 29,

2003, an Administrative Law Judge (hereinafter "ALJ") entered a fully favorable decision. See (Doc. 1-2 at 2-4). On the same day, the ALJ entered an order approving the fee agreement between the claimant and Plaintiff subject to the condition that the claim resulted in past-due benefits. See (Doc. 1-2 at 5). Plaintiff did not receive a Notice of Award or attorney's fees due to him. In August 2003, October 2003, and March 2004, Plaintiff's office communicated with the Office of Central Operations and the payment center in Birmingham, Alabama, requesting the issuance of a Notice of Award and inquiring about the withholding and payment of fees.

Plaintiff initiated the instant action by filing a Complaint for Writ of Mandamus (Doc. 1-1) on November 11, 2004. By this Complaint, Plaintiff seeks an Order entering a writ of mandamus and directing the Social Security Administration to issue a Notice of Award in connection with the favorable decision issued on May 29, 2003; to withhold twenty-five percent of claimant's past-due benefits; and issue a check to the Plaintiff in the amount withheld.

In response, the Commissioner filed the instant motion to dismiss. In support of her motion, the Commissioner contends that on July 15, 2003, the Commissioner issued a notice stating that $1,747.25, which constituted twenty-five percent of past-due benefits, had been withheld for the payment of section 406(a) administrative fees. See (Doc. 7-2 at 4-9). Although Plaintiff was copied on the notice, his address is incorrectly listed as "100 N. Ashley Drive" instead of "1000 N. Ashley Drive." See id. at 9. By correspondence dated January 6, 2005, Reginald V. Speegle, Assistant Regional Counsel of the Social Security Administration's Office of the General Counsel, Region IV, advised that Plaintiff "should

2

now be able to file for [his] attorney's fees." Id. at 2.  Mr. Speegle advised Plaintiff to move to dismiss the matter with the court and to copy him and the United States Attorney's Office with any correspondence.  Id.  In response, Plaintiff disputed that he needed to file a fee petition, and citing to the ALJ's approval of the fee agreement, Plaintiff asserted that $1,747,25 should have been sent to him in July 2003.  See id. at 10-11.

Citing to 42 U.S.C. § 406(a), the Commissioner argues that only the Social Security Administration has the authority to make a fee determination for work performed at the administrative level.  By the Commissioner's argument, because the Social Security Act does not provide for judicial review of the Commissioner's administrative fee decisions, the court lacks jurisdiction over the instant dispute over administrative fee payment.  Aside from the jurisdictional issue, the Commissioner argues that, at any rate, Plaintiff will obtain payment of fees due to him if he forwards the required information to the appropriate payment center.  Therefore, a writ of mandamus should not issue because Plaintiff has failed to exhaust his available remedies.

By his motion for summary judgment (Doc. 12), Plaintiff acknowledges that a fee determination may be reviewed by an authorized official of the Social Security Administration who did not take part in the initial determination, and thereafter the determination is not subject to review.  See 20 C.F.R. § 404.1720(d)(1).  Plaintiff clarifies that he does not contest the ALJ's fee determination.  Instead, he contends that an employee or agent of the Social Security Administration has ignored the fee determination of the ALJ.  By his response, Plaintiff argues that Defendant should have already paid the fees due to him and that it is unnecessary for him to "file for his attorney's fees" as advised by Mr. Speegle.

3

Plaintiff urges the court to issue a writ of mandamus because he has exhausted his administrative remedies, and Defendant owes him a non-discretionary duty to pay the fees withheld from the claimant's benefits pursuant to the fee agreement already approved by the ALJ.

The Mandamus Act, 28 U.S.C. § 1361, grants the district court original jurisdiction over an action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Id. Mandamus is available as a remedy to a plaintiff if (1) he has exhausted all other avenues of relief and (2) the defendant owes him a clear nondiscretionary duty. Heckler v. Ringer, 466 U.S. 602, 616-17 (1984) (citing Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402-03 (1976); United States *ex rel.* v. Girard Trust Co. v. Helvering, 301 U.S. 540, 543-44 (1937)); Lifestar Ambulance Serv., Inc. v. United States, 365 F.3d 1294, 1295 (11th Cir. 2004). "[M]andamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." See Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003) (quoting Carter v. Seamans, 411 F.2d 767, 773 (5th Cir. 1969)). Although a writ of mandamus is a legal remedy, the court should consider equitable principles and exercise judicial discretion in issuing a writ. Cash, 327 F.3d at 1257-58 (quoting Carter, 411 F.2d at 773).

Assuming that the court has the jurisdiction to entertain Plaintiff's Complaint for Writ of Mandamus, the court finds in its discretion that the issuance of a writ is not warranted in this case. While it appears undisputed that Plaintiff is entitled to $1,747.25 in fees for his representation of Stevonna Park at the administrative level and that Commissioner has failed to pay this amount to Plaintiff, counsel may obtain payment by making a fee request to the

appropriate payment center.  Plaintiff's unwillingness to take this extra step to obtain payment does not amount to an exhaustion of available remedies.  These circumstances are not sufficiently compelling to warrant the extraordinary remedy of mandamus.

Accordingly, it is **ORDERED** that **Defendant's Motion to Dismiss Plaintiff's Complaint for Writ of Mandamus** (Doc. 7-1) is **GRANTED** and Plaintiff's **Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment** (Doc. 12) is **DENIED as moot**.  The Clerk is directed to terminate all pending motions and close the file.

**Done and Ordered** in Tampa, Florida, this 19th day of September 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record